UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>HAWN</small> H<small>ARRINGTON</small>,

       Plaintiff,                                Hon. Robert J. Jonker

v.                                              Case No. 1:19-cv-401

C<small>OMMISSIONER OF</small> S<small>OCIAL</small>
S<small>ECURITY</small>,

       Defendant.
_____/

**<u>REPORT AND RECOMMENDATION</u>**

      This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff applied for benefits on January 14, 2013, alleging that he had been disabled since January 7, 2013, due to lower extremity injuries, sleep apnea, vision impairment, back and hip pain, depression, and cognitive limitations. (ECF No. 5-8, 5-10, PageID.504-17, 556). Plaintiff's application was ultimately denied by ALJ Donna Grit in a January 26, 2015 opinion. (ECF No. 5-2, 5-4, 5-6, PageID.33-37, 49-62, 69-109, 197-228, 310-62). Plaintiff later initiated action in this Court pursuant to 42 U.S.C. § 405(g), seeking review of the ALJ's decision.

On June 22, 2017, the Honorable Janet T. Neff vacated the Commissioner's decision and remanded the matter for further action pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 5-5, PageID.286-308). Following a second administrative hearing, ALJ Grit, in an opinion dated April 4, 2018, again found that Plaintiff did not qualify for disability benefits. (ECF No. 5-3, PageID.117-41, 155-95). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (*Id.*, PageID.111-16). Plaintiff subsequently initiated a second action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further

finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315-16 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) obesity (with weight loss); (2) obstructive sleep apnea; (3) status-post surgery for a left stage II posterior tendon dysfunction and gastroc equinus, left gastrocnemius equinus, Achilles tendonitis; (4) degenerative disc disease of the lumbar spine; (5) depression and anxiety; (6) degenerative changes of the bilateral hands; and (7) 2016 cervical scoliosis and mild degenerative changes, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any

impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (ECF No. 5-3, PageID.120-24).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he can lift/carry 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour day, he can stand/walk for 2 hours and sit for 6 hours; (3) he cannot climb ladders, ropes, or scaffolds, but can occasionally climb stairs and ramps; (4) he can perform unlimited balancing, but can never work on uneven, narrow or slippery surfaces; (5) he can occasionally stoop, kneel, crouch, crawl, and use foot pedals; (6) he cannot tolerate exposure to vibration; (7) he can tolerate occasional exposure to extremes of cold and humidity; (8) he can understand, remember, and perform simple tasks and make simple decisions; (9) he has the ability to adapt to occasional changes in workplace routines; and (10) he can have no interaction with the public.  (*Id.*, PageID.124).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 2020 WL 97414 at *2.  In satisfying this burden, the ALJ may rely on a vocational expert's testimony.  *Ibid*.

In this case, a vocational expert testified that there existed approximately 485,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (*Id.*, PageID.140). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits. Plaintiff asserts two arguments each of which is sufficient to grant his request for remand.

I. **Medical-Vocational Guidelines**

The medical-vocational guidelines, also known as the "grids," consider four factors relevant to a particular claimant's employability: (1) residual functional capacity, (2) age, (3) education, and (4) work experience. 20 C.F.R., Part 404, Subpart P, Appendix 2. Social Security regulations provide that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00. In other words, a claimant may be awarded benefits if he satisfies the requirements of one of the particular rules correlating to a finding of disability. *See, e.g., Branon v. Commissioner of Social Security*, 539 Fed. Appx. 675, 679 (6th Cir., Oct. 2, 2013).

As noted above, the ALJ found that Plaintiff retains the ability to perform a very limited range of light work. With respect to the medical-vocational guidelines, the ALJ assessed Plaintiff under the rules applicable to claimants capable of light work which directed a finding of "not disabled." (*Id.*, PageID.139-40). Plaintiff argues that the ALJ erred by not evaluating his claim pursuant to the medical-vocational rules applicable to claimants limited to sedentary work. As Plaintiff notes, because he turned fifty years of age prior to the ALJ's decision, such would have resulted in a finding that he was disabled. This appears to be correct. *See* 20 C.F.R., Part 404, Subpart P, Appendix 2, § 201.14. Plaintiff argues that the ALJ's failure to evaluate his claim pursuant to the relevant sedentary grid rules warrants remand.

The ALJ found that Plaintiff can lift/carry 20 pounds occasionally and 10 pounds frequently which is consistent with light work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b). The ALJ also found, however, that, during an 8-hour workday, Plaintiff can sit for 6 hours, but can stand/walk for only 2 hours which is the hallmark of sedentary work. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a). In light of these contrasting limitations, it is clear that the ALJ considered Plaintiff's RFC to fall somewhere between the full range of light work and the full range of sedentary work. The Social Security Administration has articulated regulations that apply in circumstances such as this, and because the ALJ failed to comply with such, this matter must be remanded.

Where a claimant's "exertional level falls between two [grid] rules which direct opposite conclusions," the ALJ must determine the degree to which the claimant's exertional capacity is diminished vis-à-vis the higher exertional level. Specifically, the ALJ must determine whether the claimant's exertional capacity, relative to the higher exertional level, is "only slightly reduced" or is instead "significantly reduced." Titles II and XVI: Capability to do Other Work – the Medical-Vocational Rules as a Framework for Evaluating Exertional Limitations within a Range of Work or Between Ranges of Work, SSR 83-12, 1983 WL 31253 at \*2-3 (S.S.A. 1983); *see also*, *Wilkerson v. Commissioner of Social Security*, 278 F.Supp.3d 956, 968-69 (E.D. Mich. 2017); *Elias v. Commissioner of Social Security*, 2019 WL 1415489 at \*6-7 (E.D. Mich., Jan. 26, 2019). If the claimant's exertional capacity is only slightly reduced, it may be appropriate to apply the rule corresponding to the higher exertional level. *See* SSR 83-12, 1983 WL 31253 at \*2. On the other hand, if the claimant's exertional capacity is significantly reduced, such "could justify a finding of 'Disabled.' " *Ibid.*

As the relevant regulations indicate, in situations where the claimant's "exertional level falls between two [grid] rules which direct opposite conclusions," vocational expert "assistance is advisable." *Id.* at \*3. While the ALJ did question a vocational expert in this matter, she did not question her with respect to the issue of whether Plaintiff's exertional capacity, vis-à-vis light work, is slightly or significantly reduced. (*Id.*, PageID.186-95). Likewise, the ALJ made no findings

on this question. Instead, the ALJ simply concluded that Plaintiff could perform a range of light work and proceeded to question the vocational expert regarding such.

Considering the nature of Plaintiff's impairments and the significant functional limitations the ALJ herself recognized, there simply does not exist substantial evidence supporting the conclusion that Plaintiff's exertional level, vis-à-vis light work, is only "slightly reduced." Accordingly, this matter must be remanded for consideration of this question and a determination whether Plaintiff, having attained the age of fifty, is disabled pursuant to the Medical-Vocational guidelines.

## II.   Residual Functional Capacity

The ALJ's decision suffers from another fatal shortcoming. The ALJ found that during a workday, Plaintiff can lift and carry 10 pounds frequently, but can stand/walk for no more than 2 hours. As Plaintiff argues, these findings are inconsistent, and result in the conclusion that the ALJ's step V analysis is not supported by substantial evidence.

Social Security regulations define "frequent" as one-third to two-thirds of a workday. *See* Titles II and XVI: Determining Capability to do Other Work – the Medical-Vocation Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *2-3 (S.S.A. 1983). In the context of an 8-hour day, therefore, "frequent" correlates to 2.67-5.33 hours. *See Wilkerson*, 278 F.Supp.3d at 970. Given this definition, the inconsistency in the ALJ's RFC finding is apparent. The ALJ found that Plaintiff can lift and carry 10 pounds at least 2.67 hours a day, yet also found that Plaintiff

can stand/walk no more than 2 hours daily.  While it may be possible to reconcile this discrepancy, the ALJ neither questioned the vocational expert about the matter nor made any findings in her decision regarding such.

Accordingly, the undersigned finds that the ALJ's RFC assessment is not supported by substantial evidence.  Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence.  *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

### III.   Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits."  *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also, Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013).  This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking."  *Faucher*, 17 F.3d at 176; *see also, Brooks*, 531 Fed. Appx. at 644.  Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance.

Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within such time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                Respectfully submitted,

Date: July 31, 2020                               /s/ Phillip J. Green
                                                        PHILLIP J. GREEN
                                                        United States Magistrate Judge