UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN HARRINGTON,

    Plaintiff,

CASE NO. 1:19-CV-401

v.

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 15) and the Commissioner's Objection to it. (ECF No. 16). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends remanding the Commissioner's decision on the basis that the ALJ's decision is not supported by substantial evidence. The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and the Commissioner's Objection to it. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct and accordingly adopts its conclusion.

## COMMISSIONER'S OBJECTION

The Commissioner argues the Magistrate Judge erred in finding the ALJ failed to comply with Social Security Administration regulations and that there was an internal discrepancy in the RFC. The Commissioner asserts that the ALJ properly followed the regulations because the ALJ found that Plaintiff's RFC fell between a light and sedentary RFC, and then solicited testimony from the Vocational Expert. That expert, furthermore, responded to a hypothetical reflecting that RFC and testified that there were a significant number of jobs available that Plaintiff could perform. There is no discrepancy in the RFC, the Commissioner further argues, because the RFC is the most, not the least, that a claimant can do.

As noted in detail by the Magistrate Judge, the ALJ found that during an eight-hour workday Plaintiff could sit for six hours, but can only stand or walk for two hours. This is, as the Magistrate found, "the hallmark" of sedentary work. 20 C.F.R. §§ 404.1567(a), 416.967(a). But there were other aspects in Plaintiff's RFC that were consistent with light work, namely, a determination that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently. 20 C.F.R. §§ 404.1567(b), 416.967(b). The Magistrate Judge properly noted that in such situations, "the ALJ must determine the degree to which the claimant's exertional capacity is diminished vis-á-vis the higher exertional level." (ECF No. 15, PageID.2826). Specifically the regulations direct that where

2

a claimant's capacity is only "slightly reduced" it may be appropriate to find a claimant not disabled under the higher level. On the other hand, if the capacity is "significantly reduced," it may be appropriate to find the claimant not disabled under the lower exertional level.

After performing a de novo review, the Court agrees with the Magistrate Judge that the ALJ's decision on this point is not supported by substantial evidence. The Court is not saying that anytime a claimant's RFC includes only two hours of standing or sitting that the claimant's RFC must be entirely sedentary. To the contrary, there is case law that has found an RFC with such a limitation, along with other limitations more closely aligning with light work, falls between the full ranges of the two exertional levels. *See Stamps v. Commissioner*, No. 1:15-cv-557, 2016 WL 4500793, at *4 (W.D. Mich. Aug. 29, 2016) (Maloney, J.). In such situations, the ALJ properly turns to a vocational expert. That may well be the proper course here. But where a claimant's RFC includes the hallmark of sedentary work, and such a determination would lead to a disabled determination under the medical vocational guidelines, the Court must be able to follow the ALJ's logic that the claimant is not disabled under those guidelines. It cannot do so here, for the reasons outlined by the Magistrate Judge.

*Blackburn v. Commissioner*, 748 F. App'x 45 (6th Cir. 2008), the unpublished Sixth Circuit Court of Appeals decision relied on by the Commissioner is not persuasive. The case involved an RFC that included a determination the claimant could stand or walk for four hours out of an eight hour workday, which is above the level contemplated by sedentary work, and much more than the ALJ found Plaintiff could do here. Accordingly the RFC was "in the middle between the requirements for *all* sedentary work (two hours) and *all* light work (six hours)." *Id.* at 48. The Court of Appeals found it appropriate to consult a VE to determine whether there were a significant number of jobs a Plaintiff could perform. While the RFC in this case falls somewhere in between

all sedentary work and all light work, it does not so clearly fall in the middle as was found in *Blackburn*. A more careful evaluation of the guidelines is required.

The conclusion that the Commissioner's decision is not supported by substantial evidence is buttressed by the Magistrate Judge's second finding with respect to the internal discrepancy of the RFC. In *Elias v. Commissioner,* No. 17-14033, 2019 WL 1415489 (E.D. Mich. Jan. 26, 2019), *approved* 2019 WL 1399944 (E.D. Mich. Mar. 28, 2019), the court confronted a similar issue where a claimant's RFC involved standing or walking for no more than two hours in an eight-hour workday and a determination that the claimant could lift or carry 20 pounds occasionally and 10 pounds frequently. In finding the ALJ's decision was unsupported by substantial evidence, the court found that the ALJ's discussion with the expert failed to explain the time that frequently lifting and carrying would require the claimant to be on their feet.

> Light work involves lifting no more than 20 pounds at a time with frequent (1/3 to 2/3 of an 8 hour work day) lifting or carrying [ ] objects weighing up to 10 pounds. Thus, someone who can perform light work must be able to lift and carry 10 pounds for 2.67-5.33 hours per day. By logical extension, light work requires a person to be on their feet for 2.67-5.33 hours in a day, while lifting and carrying up to 10 pounds in that time. See SSR 83-10, *5 ("lifting or carrying requires being on one's feet."). Yet here, the ALJ found that plaintiff could only walk/stand for up to 2 hours per day. Thus, not only is plaintiff unable to perform the minimum walking/standing requirement for light work, she also cannot meet the minimum lifting and carrying requirements for light work.

*Id.* at *7.

In light of these requirements, the Court found that the ALJ had not properly questioned the ALJ on the matter:

> It is unclear from the ALJ's discussion however, whether the standing/walking limitation would require a limitation in lifting and carrying required by light work. Thus, it is unclear whether the ALJ actually determined that Elias's RFC is in between sedentary and light

4

> work. While questioning the VE at the administrative hearing, the ALJ made clear that the jobs found by the VE should allow for standing/walking no more than two hours and require lifting 20 pounds. (Tr. 47-48). The ALJ did not, however, discuss with or indicate to the VE that the jobs should require lifting or carrying—either 10 pounds or 20 pounds—for only two hours in a workday. Without this explicit acknowledgment, it appears that the ALJ believes that Elias can lift or carry up to 10 pounds for 1/3 to 2/3 of a work day—an action necessarily requiring standing or walking during those hours—while standing or walking for no more than two hours in a day, or less than 1/3 of a workday. These weight lifting and standing/walking conclusions are inconsistent. As a result of the ALJ's silence on the point, the ALJ's decision "fails to provide an accurate and logical bridge between the evidence and the result.' " Gross v. Comm'r of Soc. Sec., 247 F.Supp.3d 824, 829 (E.D. Mich. 2017) (Patti, M.J.) (citing Pollaccia v. Comm'r of Soc. Sec., 2011 WL 281044, *6 (E.D. Mich. Jan. 6, 2011) ).

*Id.* at *8. The same shortcomings are present here. And while there may be cases that have affirmed the Commissioner's decision where there were RFCs similar to the one at issue here, the decisions highlighted by the Commissioner did not have occasion to consider the argument advanced by Plaintiff. For example, in *Slade v. Commissioner*, No. 17-12684, 2018 WL 3827396 (E.D. Mich. July 6, 2018), the court reached a similar conclusion as the court in *Elias*. It further distinguished the primary case relied on by the Commissioner, *Blankenship v. Commissioner*, 624 F. App'x 419 (6th Cir. 2015), by noting the unpublished decision did not have occasion to consider the specific argument advanced here. This is true of the other cases cited by the Commissioner in their objections. *See, e.g., Doornbos v. Commissioner*, No. 16-cv-641 ECF No. 16 (W.D. Mich. Mar. 8, 2017) (where Plaintiff argued RFC failed to account for Step 3 limitations and ALJ erred in evaluating her credibility and opinions of her medical professionals).

At bottom, an ALJ "must articulate, at some minimum level, [her] analysis of the evidence to allow the appellate court to trace the path of [her] reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). The Court cannot do so here, and so it agrees with the Magistrate Judge that the

5

Commissioner's decision is unsupported by substantial evidence and that this matter must be remanded to the Commissioner for further proceedings.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 15) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **REVERSED AND REMANDED** under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should (1) establish whether Plaintiff is disabled under the medical vocational guidelines and applicable regulations; and (2) determine whether the standing and walking limitation in Plaintiff's RFC would require a limitation in lifting and carrying otherwise required by light work.


Dated:      August 26, 2020              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE