UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN HARRINGTON,

     Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

_____/

Hon. Robert J. Jonker

Case No. 1:19-cv-401

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on Plaintiff Counsel's Application for Attorneys' Fees and Costs Under the Equal Access to Justice Act. (ECF No. 19). On August 26, 2020, this matter was remanded to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now seeks $6,486.25 in attorney fees and $400.00 in costs. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that counsel's motion be granted.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. See 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's

position was "substantially justified" or that "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

Defendant does not oppose the awarding of EAJA fees, but objects to the amount requested.  In his response, the Commissioner asserts that "[a]fter discussions with Plaintiff's counsel, Plaintiff and Defendant have agreed to an award of EAJA fees and expenses in the amount of $6,250.00." (ECF No. 21).  This pleading, however, is neither signed nor authorized by Plaintiff or Plaintiff's counsel.  Thus, rather than a stipulation, the Court interprets the Commissioner's response as merely an objection to the amount requested in attorney fees.[1]  The Commissioner does not oppose counsel's request to be reimbursed for the $400 filing fee.

Plaintiff's counsel seeks an EAJA award in the amount of $6,486.25.  Specifically, counsel requests an award based on 33.35 hours of work he performed at an hourly rate of $175 and 6.5 hours of work performed by a paralegal at an hourly rate of $100.  The Court finds the number of hours expended in this matter, as well as the hourly rates requested, to be reasonable.  Counsel's request to be reimbursed for the $400 filing fee is also appropriate and compensable.  *See Miller v. Commissioner of Social Security*, 2013 WL 3283694 at *2 (W.D. Mich., June 28, 2013).  Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of $6,886.25.

---

[1] Even if the Commissioner's response is interpreted as a stipulation, such is not binding on the Court, which has an independent duty to assess EAJA fee requests. *See, e.g.*, *Minervini v. Saul*, 2020 WL 7055551 at *1 (M.D. Tenn., Dec. 2, 2020).

Defendant requests that the Court specifically order that the portion of this award representing attorney fees be paid by the Social Security Administration and the portion representing filing fees be paid from the Department of the Treasury's Judgment Fund.  As courts have recognized, however, it is not appropriate for the Court to direct the fund or account from which these amounts are to be paid.  *See Miller*, 2013 WL 3283694 at *2.  Defendant's request concerns "a matter of internal government accounting" involving an agency not presently before the Court.  *Ibid.* Likewise, the Commissioner has presented no evidence or authority authorizing this Court to order the Department of the Treasury to make the requested payment.  In sum, how the Commissioner elects to satisfy the amounts in question "is up to [him]." *Ibid.*

Finally, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), this order awarding EAJA fees must be entered in Plaintiff's favor.  *Id.* at 591-93; *see also*, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Commissioner of Social Security*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant).

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Plaintiff's Application for Attorneys' Fees and Costs Under the Equal Access to Justice Act, (ECF No. 19), be granted.  Specifically, the undersigned recommends that Plaintiff be awarded $6,886.25 pursuant to the EAJA and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 28, 2020                 /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge